UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GLUTEN INTOLERANCE GROUP OF
NORTH AMERICA, a Washington non-
profit corporation,

                  Plaintiff,

v.

SWEET SYDNEY'S, LLC, a California
limited liability company.

                  Defendant.

No. 3:25-cv-06056-DGE

**ORDER OF DISMISSAL AND PERMANENT INJUNCTION**

This matter having come before the Court on the joint request of the parties for entry of this Stipulated Order of Dismissal and Permanent Injunction ("Order"); and

It appearing that Plaintiff filed its Complaint in this action on November 25, 2025, and that as of the date of this Order, Defendant has not admitted liability to the allegations set forth in the Complaint but has not filed an answer to, moved to dismiss, or otherwise responded to the Complaint to assert defenses or any counterclaims that Defendant may have against Plaintiff; and

It further appearing that the parties have agreed to settle and resolve this matter without any further formal proceedings herein, and, as indicated by the signatures below, have consented to the entry of this Order in connection with such resolution of this action;

NOW THEREFORE, by stipulation of the parties, and with the express consent of counsel for Plaintiff and counsel for Defendant, as indicated below, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338, and has jurisdiction over Defendant for the purposes of this action. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

(PROPOSED) ORDER OF STIPULATED DISMISSAL AND
PERMANENT INJUNCTION
(3:25-cv-06056) - 1

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

2.      The parties have resolved this lawsuit, and, without any admission of liability or fault, have stipulated to the entry of this Order.

3.      For purposes of this Order, the following definitions shall apply:

a.      "**GFCO Marks**" shall refer collectively to the following marks, as shown and defined in the Complaint filed in the action, below: (i) the "**Simple GFCO Mark**" (Reg. No. 3442244); (ii) the "**Full Stylized GFCO Mark**" (Reg. No. 6159897), and (iii) the "**Shorthand Stylized GFCO Mark**" (Reg. No. 6257921).

b.      "**Affiliate(s)**" shall mean any other Person that directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with Defendant.

c.      "**Control**" shall mean the power to direct or cause the direction of the management and policies of a Person, whether through the ownership of voting securities, by contract or otherwise/direct or indirect ownership of any amount of the voting securities of a Person.

d.      "**Person**" shall mean any individual, corporation, partnership, joint venture, limited liability company, governmental authority, unincorporated organization, trust, association or other entity.

4.      Plaintiff has asserted claims for trademark infringement under Section 32 of the Lanham Act, trademark counterfeiting under Section 32 of the Lanham Act, false designation of origin under Section 43(a)(1)(A) of the Lanham Act, false advertising under Section 43(a)(1)(B) of the Lanham Act, trademark imitation under RCW 19.77.130, and trademark infringement and unfair competition under the common law (collectively, the "Claims").

5.      Except as specifically set forth in Section 6 below, Defendant, its Affiliates, and each of Defendant's and Defendant's Affiliate's respective officers, agents, servants, employees, attorneys, and all those who are in active concert or participation with any of them as contemplated by Federal Rule of Civil Procedure 65(d)(2), are hereby permanently enjoined and restrained from using:

(PROPOSED) ORDER OF STIPULATED DISMISSAL AND PERMANENT INJUNCTION
(3:25-cv-06056) - 2

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

a. All or any of the GFCO Marks in connection with any and all goods and services throughout the United States;

b. Any word, term, name, symbol, or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation or dilutive of, all or any of the GFCO Marks in connection with any and all goods and services throughout the United States; or

c. Any false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the source or origin of, or sponsorship or approval by Plaintiff of Defendant's goods or services or commercial activities in the United States.

6. Notwithstanding Section 5 above, until July 1, 2027, Defendant may continue to use, distribute, or dispose of its existing inventory of plastic product packaging bags for baked goods and cartons for cookies (the "Existing Product Packaging") that bear one or more of the GFCO Marks so long as before any finished products leave Defendant's factory for distribution or sale, Defendant places permanently adhesive stickers on the Existing Product Packaging to obscure the GFCO Marks in their entirety and Defendant's use, distribution, and disposition of the Existing Product Packaging is limited to packaging finished baked goods sold or distributed to customers, retailers, or wholesalers. Defendant shall comply with all reasonable requests by Plaintiff for inspection of the re-labeled packaging by providing samples of the re-labeled Existing Product Packaging, documentary evidence of Defendant's use of the same, and written statements attesting to the estimated remaining number of units of Existing Product Packaging. The Existing Product Packaging may be used in promotional or marketing materials so long as the GFCO Marks on the Existing Product Packaging has been re-labeled in their entirety with a permanently adhesive sticker by Defendant and new product packaging bearing Defendant's new gluten free certification mark has not yet been ordered. Defendant, Defendant's Affiliates,

(PROPOSED) ORDER OF STIPULATED DISMISSAL AND PERMANENT INJUNCTION
(3:25-cv-06056) - 3

and each of Defendant's and Defendant's Affiliate's respective officers, agents, servants, employees, attorneys, and all those who are in active concert or participation with any of them as contemplated by Federal Rule of Civil Procedure 65(d)(2), are hereby permanently enjoined from:

      a.   Creating new product packaging of any kind bearing:

          i.   All or any of the GFCO Marks;

          ii.   Any word, term, name, symbol or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation or dilutive of, all or any of the GFCO Marks; and

          iii.   Any false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the source or origin of, or sponsorship or approval by Plaintiff of Defendant's goods, services, or commercial activities.

      b.   Using the Existing Product Packaging in any promotional or marketing materials that has not been relabeled with a sticker to obscure any GFCO Marks.

7.      Within sixty (60) days from the date of entry of this Order, Defendant shall take all reasonably necessary steps to remove from public view and access in the United States all materials, including all signs, displays, labels, promotional and packaging materials, websites, online sources, social media accounts or posts (including, without limitation, e.g., Instagram, Facebook, Tik Tok), and software applications that Defendant directly owns, controls, or operates, that use, feature, or bear:

      a.   All or any of the GFCO Marks;

      b.   Any word, term, name, symbol or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation or dilutive of, all or any of the GFCO Marks; or

(PROPOSED) ORDER OF STIPULATED DISMISSAL AND
PERMANENT INJUNCTION
(3:25-cv-06056) - 4

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

c. Any false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the source or origin of, or sponsorship or approval by Plaintiff of Defendant's goods, services, or commercial activities.

8. Within sixty (60) days from the date of entry of this Order, Defendant shall commence taking the steps required by this Section 8 to remove from public view and access in the United States  all materials, including all signs, displays, labels, promotional and packaging materials, websites, online sources, social media accounts or posts owned or controlled by third-parties any products who advertise, market, or sell Defendant's productions (including, without limitation, InstaCart, DoorDash, Uber Eats, Faire, and Good Egg) that use, feature, or bear:

a. All or any of the GFCO Marks;

b. Any word, term, name, symbol or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation or dilutive of, all or any of the GFCO Marks; or

c. Any false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the source or origin of, or sponsorship or approval by Plaintiff of Defendant's goods, services, or commercial activities.

(collectively, "Third-Party Promotional Materials").

Defendant's obligations under this Section 8 shall remain ongoing, but shall initially be limited to the following third-parties: InstaCart, DoorDash, Uber Eats, Faire, and Good Egg (the "Known Third-Parties").

For each of the Known Third-Parties, Defendant shall contact the corporate headquarters or suitable representative and request that they remove any Third-Party

(PROPOSED) ORDER OF STIPULATED DISMISSAL AND PERMANENT INJUNCTION
(3:25-cv-06056) - 5

Promotional Materials or replace any Third-Party Promotional Materials with new pictures and promotional materials that do not bear not use, feature or bear anything set forth in Sections 8(a)–(c). If a Known Third-Party fails to remove or replace its Third-Party Promotional Materials in response to Defendant's request within thirty (30) days after the request is made, Defendant shall submit a second request within fourteen (14) days. If a Known Third-Party fails to remove or replace its Third-Party Promotional Materials in response to Defendant's second request within thirty (30) days after the second request is made, Defendant shall submit a third request within fourteen (14) days. If a Known Third-Party fails to remove or replace its Third-Party Promotional Materials in response to Defendant's third request within thirty (30) days after the third request is made, Defendant shall notify Plaintiff and, if requested by Plaintiff, cooperate and assist Plaintiff with issuing a take-down notice to that Known Third-Party. Plaintiff shall bear its own costs and expenses in connection with the takedown.

Defendant shall make continuous good-faith and commercially reasonable efforts to perform its obligations under this Section 8, including, providing additional information, documents, or reasonable fees requested by a Known Third-Party to cause the removal or replacement of any Third-Party Promotional Materials, and otherwise complying with any reasonable terms and conditions governing such request implemented by such Known Third-Party.

In the event Defendant identifies or discovers a third-party using Third-Party Promotional Materials besides a Known Third-Party, then that third-party shall thereafter be deemed a Known Third-Party, and Defendant shall provide written notice to Plaintiff identifying the third-party and its use of Third-Party Promotional Materials and commence taking the steps set forth above for Known Third-Parties no later than fourteen (14) days from the date Defendant identifies or discovers that third-party's use of Third-Party Promotional Materials.

In the event Plaintiff provides written notice to Defendant of a third-party using Third-Party Promotional Materials besides a Known Third-Party, then that third-party shall thereafter

(PROPOSED) ORDER OF STIPULATED DISMISSAL AND
PERMANENT INJUNCTION
(3:25-cv-06056) - 6

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

be deemed a Known Third-Party, and Defendant shall commence taking the steps set forth above for Known Third-Parties no later than fourteen (14) from the date of receipt of receipt of such notice and provide confirmation of the same to Plaintiff.

Provided Defendant complies with its obligations under this Section 4(b), Defendant shall not otherwise be responsible for or liable for any content posted or managed by or pictures and materials used by any third parties that Defendant does not directly own, control, or operate.

9.    If Plaintiff believes that Defendant has violated the terms of Section 7 and/or Section 8, Plaintiff shall provide written notice of the alleged violation and a request for corrective action to Defendant with information and details sufficient enough for Defendant to be able to address Plaintiff's concern by either:

a.    Removing from public view and access in the United States any pictures and materials, including all signs, displays, labels, promotional and packaging materials, websites, online sources, social media accounts or posts (including, without limitation, e.g., Instagram, Facebook, Tik Tok), and software applications that Defendant directly owns, controls, or operates; and/or

b.    (1) Providing new pictures and promotional materials to a Known Third-Party and requesting that the Known Third-Party replace their current pictures and promotional materials with the new pictures and promotional material per the terms of Section 8, or (2) cooperating with Plaintiff in issuing a take-down notice per the terms of Section 8.

Defendant shall have 10 business days from the date of receipt of such notice from Plaintiff to address the alleged violation by: (a) removing the allegedly violating content that Defendant directly controls; and/or (b)(1)sending one or more notice and reminder to the Known Third-Party of updated pictures and promotional materials per the terms of Section 8, or (2) cooperating with Plaintiff in issuing a take-down notice per the terms of Section 8. If Defendant takes curative action within the requisite 10 business day time period, the alleged violation shall not constitute a breach by Defendant of the parties' settlement agreement or this Order, or any

(PROPOSED) ORDER OF STIPULATED DISMISSAL AND
PERMANENT INJUNCTION
(3:25-cv-06056) - 7

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

associated obligation, duty, representation, or warranty in the parties' settlement agreement or this Order, provided that Defendant's compliance with this notice and cure section for suspected violations does not relieve it from otherwise fully complying with the requirements of Section 8 above

10.     This Order and the rights and obligations of the parties hereunder, shall bind each party and his or its successors, assigns, heirs, and distributes.

11.     All claims, defenses, and issues in this action between the parties, both known and unknown, that were brought or could have been brought in this action are fully and finally resolved by this Order and the parties' settlement agreement. Plaintiff's claims are dismissed with prejudice, however, Defendant is hereby bound to the terms of this injunction provided herein, pursuant to Federal Rule of Civil Procedure 65(d)(2).

12.     This Court shall jurisdiction of this matter to the extent necessary to construe, enforce, or implement this Order and the underlying settlement agreement upon the application of any party. Without limiting the generality of the foregoing, either party shall bring any action to enforce or construe any provision of this Order or the settlement agreement solely by reopening this matter in this Court.

13.     No money shall be awarded to either party and each party shall bear its own fees, costs, and expenses.

14.     This Order shall be deemed to have been served on Defendant, Defendants' Affiliates, and each of Defendant's and Defendant's Affiliate's respective officers, agents, servants, employees, and attorneys, and all those who are in active concert or participation with them as contemplated by Rule 65(d)(2) as of the date of entry hereof by the Court.

(PROPOSED) ORDER OF STIPULATED DISMISSAL AND
PERMANENT INJUNCTION
(3:25-cv-06056) - 8

IT IS SO ORDERED.


        Dated this 6th day of May 2026.


                                        _____
                                        David G. Estudillo
                                        United States District Judge

Presented by:

 /s/Sally W. Harmeling
    Sally W. Harmeling, WSBA No. 49457
    Jacob M. Knutson, WSBA No. 54616
    Jeffers, Danielson, Sonn & Aylward, P.S.

 /s/Emily M. Ross
    Russell C. Pangborn, WSBA No. 36534
    Marc C. Levy, WSBA No. 19203
    Emily M. Ross, WSBA No. 64843
    Seed Intellectual Property Law Group LLP

*Attorneys for Plaintiff*


 /s/Ashley J. McDonald
    Ashley J. McDonald, WSBA #58237
    Focal PLLC

*Attorney for Defendant*

(PROPOSED) ORDER OF STIPULATED DISMISSAL AND
PERMANENT INJUNCTION
(3:25-cv-06056) - 9